1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. NEDD, | Case No.  1:25-cv-01736-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ON HABEAS CORPUS, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition in this Court on December 4, 2025. Because the petition is successive, the Court will recommend it be **DISMISSED**.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, Petitioner challenges his 2019 conviction in the Fresno County Superior Court for corporal injury to a spouse and forcible rape.  Petitioner previously sought federal habeas relief in this Court with respect to the same conviction in Nedd v. Bird, Case No. 1:22-cv-00704-JLT-HBK (HC).  The petition was dismissed with prejudice on March 29, 2023, for violating the statute of limitations.  Id. "A dismissal of section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

The Court finds that the instant petition is second or successive under 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See

1  Burton, 549 U.S. at 157.

2                                    **ORDER**

3       Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

4                              **RECOMMENDATION**

5       For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

6  DISMISSED as successive.

7       This Findings and Recommendation is submitted to the United States District Court

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

9  304 of the Local Rules of Practice for the United States District Court, Eastern District of

10 California.  Within twenty-one (21) days after being served with a copy of this Findings and

11 Recommendation, a party may file written objections with the Court and serve a copy on all

12 parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and

13 Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good

14 cause shown. The Court will not consider exhibits attached to the Objections. To the extent a

15 party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

16 CM/ECF document and page number, when possible, or otherwise reference the exhibit with

17 specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

18 the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C.

19 § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

20 may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th

21 Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth

22 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

23 Appellate Procedure, should not be filed until entry of the District Court's judgment.

24

25 IT IS SO ORDERED.

26 Dated:  **December 5, 2025**              __/s/ Sheila K. Oberto__

27                                        UNITED STATES MAGISTRATE JUDGE

28