UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. NEDD,<br><br>Petitioner,<br><br>v.<br><br>ON HABEAS CORPUS,<br><br>Respondent. | No.  1:25-cv-01736 JLT SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>(Doc. 5)<br><br>ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Jeffrey S. Nedd is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 8, 2025, the assigned Magistrate Judge issued Findings and Recommendation to dismiss the petition as successive. (Doc. 5). The Court served the Findings and Recommendation on Petitioner and notified him that any objections were due within 21 days. (Doc. 5 at 3). The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Petitioner did not file objections, and the time to do so has passed.

1

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendation are supported by the record and proper analysis. On June 10, 2022, petitioner filed a Section 2254 petition in this district, captioned *Jeffrey S. Need v. Landon Bird, Warden*, Case No. 1:22-cv-00704-JLT-HBK, challenging his March 18, 2019, criminal conviction and July 10, 2019, sentence in Fresno County Superior Court Case No. F16900769. On March 29, 2023, judgment was entered dismissing that petition, as untimely. (Doc. 20, therein). Petitioner's request to the Ninth Circuit Court of Appeals for a certificate of appealability was denied on July 25, 2023. (Doc. 27, therein [*Need v. Bird*, Ninth Circuit Case No. 23-15730, order denying Request for COA]). The Circuit denied reconsideration on October 2, 2023. (*Id.*).

In this case, the Magistrate Judge correctly found it plainly apparent the Section 2254 petition, which again challenges the noted 2019 conviction and sentence, is second or successive and subject to dismissal on that basis. 28 U.S.C. § 2244(b); Rule 4, 28 U.S.C. foll. § 2254. "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir.2009); *see also id.* at 1030 (holding that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of [Section 2244(b)].)".

Nothing in the docket shows that petitioner has obtained permission from the Ninth Circuit to bring this second or successive petition, as required by Section 2244(b)(3). Permission to file a second or successive petition may be granted only if petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C); *McNabb,* 576 F.3d at 1030. To pursue a Section 2254 habeas action attacking his 2019

2

conviction and sentence, petitioner must persuade the Ninth Circuit that at least one of these predicates exists for any claim he now wishes to raise. It is difficult to see how petitioner will be able to satisfy Section 2244(b)'s requirements.[1]

Because petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant § 2254 petition must be dismissed. This Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton v. Stewart,* 549 U.S. 147, 157 (2007) (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)) (petitioner must establish that "[r]easonable jurists could debate whether [or, for that matter, agree that] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."). The Court concludes that a certificate of appealability is unwarranted.  Therefore, the Court **ORDERS**:

1.      The Findings and Recommendation issued on December 8, 2025, (Doc. 5), are **ADOPTED** in full.

2.      The petition for writ of habeas corpus is **DISMISSED** without prejudice.

3.      The Court **DECLINES** to issue a certificate of appealability.

4.      The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **January 16, 2026**

*[signature: Jennifer L. Thurston]*

UNITED STATES DISTRICT JUDGE

---

[1] The record in Case No. 1:22-cv-00704 suggests petitioner raised insufficiency of DNA evidence (the common ground for relief in the instant Section 2254 petition) during his state appeal and post-conviction proceedings. (*See* Doc. 9-2 at 4, in Case No. 1:22-cv-00704; *see also* Doc. 1 at 2, 5-6, in the instant proceeding).

3